834

B. B. Pettus, of Washington, D. C. (Edward Clifford and Colladay, Clifford & Pettus, all of Washington, D. C., on the brief), for plaintiff.

Dwight E. Rorer, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (C. M. Charest and J. W. Hussey, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

The petition of plaintiff recites:

That it is a corporation, and on March 26, 1918, filed its income and profits tax return for 1917. That an additional tax of $52,350.29 was assessed against it in May, 1921, for the year 1917. Of this additional assessment $15,745.81 was paid on July 21, 1921, and a claim in abatement for the remainder, $36,604.48, was also filed. This claim for abatement was allowed in the sum of $8,650.30 on January 4, 1923, and disallowed in the amount of $27,954.18, which was paid under protest on November 2, 1923. A claim for refund in the amount of the sum rejected was duly filed, and was rejected by the Commissioner of Internal Revenue on August 16, 1928, on the ground that the tax was assessed within the statute of limitations applicable; that a claim for abatement had been filed and collection of the tax stayed; and that there had been no overpayment of the tax and no amount refundable under the provisions of section 611 of the Revenue Act of 1928 (26 USCA § 2611).

Plaintiff therefore asks judgment for $27,954.18, with interest.

To this petition the defendant demurs on the ground that it fails to state a cause of action.

It will be seen from the allegations of the petition that a case is presented in which the tax in controversy was assessed within the period of limitations, a claim for abatement thereof filed, the collection stayed, and the tax subsequently collected after the statute of limitations had run.

Under repeated decisions by this court, affirmed by the recent decision of the Supreme Court in Graham v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. —— (decided January 26, 1931), the provisions of section 611 of the Revenue Act of 1928 (26 USCA § 2611) are applicable to the facts upon which plaintiff's petition is based, and the plaintiff cannot recover the tax in controversy, notwithstanding it was collected after the period of limitations had expired.

It follows that the demurrer must be sustained and the petition dismissed. It is so ordered.